DOWD, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| L. PETER OLCESE, *et al.*, ) | |
| ) | CASE NO. 5:11C V 884 |
| Plaintiffs, ) | |
| ) | JUDGE DAVID D. DOWD, JR. |
| v. ) | |
| ) | |
| JOHN D. ROHAL, *et al.,* ) | MEMORANDUM OF OPINION |
| ) | AND ORDER |
| Defendants. ) | |
| ) | |

Plaintiffs *pro se* L. Peter Olcese and Benicia Barria Gonzalez filed this action invoking the Court's diversity of citizenship jurisdiction, 28 U.S.C. § 1332, against John D. Rohal, the Estate of Patricia G. Rohal, Sergio Alvarez, Portage County, Ohio Prosecutor Victor V. Vigluici, Assistant Portage County Prosecutor Stephen Michniak, Portage County Secret Service Investigator Robert Burgess, Portage County Common Pleas Court Judges John A. Enlow and Laurie J. Pittman, Magistrate Robert Berger and Ohio Eleventh District Court of Appeals Judges Mary Jane Trapp and Timothy P. Cannon.

Plaintiffs brought this action in response to an action for conversion and fraud filed against Mr. Olcese in the Portage County Common Pleas Court, *Rohal v. L. Peter Olcese*, 2008CV01407. The following facts were taken from Plaintiffs' Complaint. Patricia Rohal, wife of Defendant Rohal, inherited 1.4 million dollars in stock. She sought legal and tax advice in an attempt to create a stronger cash flow, avoid a capital gains tax and create a non-taxable legacy for her children and grandchildren. Mr. Rohal did not agree with this plan and convinced his wife to give him some of her inheritance to create a trust. Mrs. Rohal refused to fund this trust and demanded return of her

(5:11C V 884)

stock. Mrs. Rohal died and the bank holding the assets collapsed, resulting in loss of the assets. Plaintiffs assert that Mr. Rohal was livid and sought revenge. So he allegedly concocted a story of theft and deception against Mr Olcese who was one of Mrs. Rohal's advisors. Defendant Alveraz played a key role in deceiving Mr. Olcese as to his intentions and those of Mr. Rohal. Mr. Rohal then went to the Portage County Prosecutor and convinced him to take jurisdiction over Mr. Rohal's problem. Thus, Mr. Olcese was indicted, convicted and imprisoned for a crime he allegedly did not commit. Subsequently, the civil case was filed in state court. Plaintiffs contend that they have suffered extreme emotional distress and seek financial damages from all Defendants.

While *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court may dismiss an action *sua sponte* if the complaint is so "implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion" as to deprive the court of jurisdiction. *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (*citing Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)). Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). "*Pro se* plaintiffs are not automatically entitled to take every case to trial." *Price v. Caruso*, 451 F.Supp.2d 889, 893 (E. D. Mich. 2006)(quoting *Pilgrim v. Littlefield,* 92 F.3d 413, 416 (6th Cir.1996)). For the reasons stated below, this action is dismissed.

Plaintiffs have asserted a state claim for malicious prosecution. The tort of malicious criminal prosecution allows recovery for damages for the harm caused to a defendant in a criminal case by the misuse of criminal actions. *Trussell v. Gen. Motors Corp.*, 53 Ohio St.3d 142, 144

2

(5:11C V 884)

(1990), overruled, in part, on other grounds, *Robb v. Chagrin Lagoons Yacht Club, Inc.*, 75 Ohio St.3d 264, 269 (1996). In order to prevail on such claim, a plaintiff must prove that there was (1) malice in initiating or continuing the prosecution, (2) lack of probable cause to institute the proceedings, and (3) termination of the prosecution in favor of the accused. *Id*. Mr. Olcese admits that he was convicted of a crime related to the allegations in the Complaint. Therefore, the third factor required to establish a malicious prosecution claim has not been satisfied. This reasoning applies to all Defendants.

Because the malicious prosecution claim has been found to be without merit, Plaintiffs' claim for extreme emotional distress must also fail.

Further, there are no specific allegations against the judges, magistrate, prosecutor and assistant prosecutor. It is well established that judges are immune from liability for actions taken within the scope of their official duties. *Pierson v. Ray*, 386 U.S. 547 (1967). This is true even if a judge acts erroneously, corruptly, or in excess of jurisdiction. *Stump v. Sparkman*, 435 U.S. 349 (1978). When the function complained of is truly a judicial act, judicial immunity applies. *Yarbrough v. Garrett,* 579 F.Supp.2d 856, 860 (E.D. Mich., 2008)(citing *Bush v. Rauch,* 38 F.3d 842, 847 (6th Cir. 1994)). There are no facts alleged reasonably suggesting Judges Mary Jane Trapp, Timothy P. Cannon, John A. Enlow and Laurie J. Pittman and Magistrate Robert Berger acted outside the scope of their official duties in presiding over Mr. Olcese's court case. *See Krajicek v. Justin*, 991 F. Supp. 875, 876 (E.D. Mich., 1998) (judicial immunity extends to magistrates).

Prosecutors are absolutely immune from liability under § 1983 for their conduct as long as that conduct is intimately associated with the judicial phase of the criminal process. *Imbler v.*

3

(5:11C V 884)

*Pachtman*, 424 U.S. 409, 430 (1976). "The analytical key to prosecutorial immunity ... is advocacy-whether the actions in question are those of an advocate." *Skinner v. Govorchin,* 463 F.3d 518, 525 (6th Cir. 2006) (citations and internal quotation marks omitted). There is no indication in the Complaint that Prosecutor Vigluici and Assistant Prosecutor Michniak acted outside of the scope of their responsibilities.

      Accordingly, this action is dismissed.

      IT IS SO ORDERED.


|  May 25, 2011  | s/ David D. Dowd, Jr. |
|---|---|
| Date | David D. Dowd, Jr. |
| | U.S. District Judge |